# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVIDION

In re: Martin Shamim, Bankruptcy Case No. 16-36225-KRH

## MOTION FOR RELIEF FROM STAY

COMES THIS DAY, Mr. Sam Jamil, ( "Mover" or "I"), proceeding *pro se,* who, pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.

Mover has standing to bring this Motion by virtue of an automatic stay being entered withstanding the a piece of property located at 6129 Jefferson Davis Highway, North Chesterfield, Virginia 23234 ("the Property").

3.

In December of 2016, Mr. Martin Shamim (collectively "Debtor") filed a Petition for Relief under the United States Bankruptcy Code. Debtor's Plan of Reorganization was confirmed

Mover is listed as a secured creditor under the terms of the Debtor's Confirmed Plan.

1 | Page

4.

On October 29, 2009, Mr. Shamim and Mover entered into a Lease, for five (5) years, as was clearly my intentions,[1] for the rental of a piece of property located at 6129 Jefferson Davis Highway, North Chesterfield, Virginia 23234 ("the Property").

In 2016, Mr. Shamim was in direct violation of many of the provisions of the Lease he had with the Mover herein, Mover made many good-faith attempts to get Mr. Shamim to correct the breaches of his Lease and none of those breaches were cured in full at any time as required by the Lease.

In 2016, Mr. Shamim did not pay his rent in full or on time, as required by the Lease. Mr. Shamim incurred thousands of dollars in late fees, in accordance with the provisions of his Lease.

On or about June 23rd, 2016, along with another, I went to property that Mr. Shamim rented from me, and in the presence of another, served Mr. Shamim a *Virginia Notice To Quit,* dated June 23rd, 2016 (previously filed with the Court and hereby incorporated by reference as if fully set forth herein), by posting the same on the front door of the building located upon his usual place of adobe, i.e., 6129 Jefferson Davis Highway, North Chesterfield, Virginia, 23234, outlining eight (8) substantive violations of the Lease Agreement, asking that he fix the violations and advising that is he did not that I would terminate the lease on the 30th day in accordance with the provisions of the Lease.

---

[1] To illustrate this, Paragraph 3 of the lease states that the rent for the first (1st) was $2,100.00 per month, and for the next four (4) years was $2,300.00 per month. However, the lease is silent as to the rent for any other time after five years. I would never have knowingly entered in a lease with the Plaintiff for ten (10) years with no rent for the last five (5), and no reasonable person would have either.

2 | Page

Mr. Shamim did not attempt to, nor fully cure, any of the substantive violations complained of and listed on the June 23rd, 2016 *Virginia Notice To Quit*, by July 24th, 2016.

The Chesterfield County Planning Department and Zoning Administration had called me complaining that Mr. Shamim had violated multiple Chesterfield County Ordnances seven separate (7) times, and I was cited four (4) with Notices of Zoning Violations as a direct and proximate cause of Mr. Shamim's actions, inactions, fault or negligence, in direct violation of the Lease.

On or about July 25th, 2016, along with another, I went to the Property that Mr. Shamim rented from me, and in the presence of another, served Mr. Shamim a *Virginia Notice To Quit,* dated July 25th, 2016, (previously filed with the Court and hereby incorporated by reference as if fully set forth herein), by posting the same on the front door of the building located upon his usual place of adobe, i.e., 6129 Jefferson Davis Highway, North Chesterfield, Virginia, 23234, advising that because he had not cured nor attempted to cure all of the violations described in the June 23rd, 2016 *Virginia Notice to Quit,* that, in accordance with the lease agreement, effective September 8th, 2016, thereby giving him forty-five Notice of this action.

Pursuant the *Virginia Notice To Quit* dated July 25th, 2016, as a courtesy to Mr. Shamim, I granted him permission to stay on the property until January 1st, 2017 at a rate of 2,500.00 per month if he needed to. Mr. Shamim never paid this rental obligation in full at any time.

On or about January 21st. 2016 along with another, because Mr. Shamim had not vacated the premise on or by January 01st, 2017, and had refused to make his full monthly rental obligation, and any of his past due rent or late fees, In Accordance with

3 | Page

the Law of the Commonwealth of Virginia[2] in the presence of another, I performed a self-help eviction of Mr. Shamim from the property, placing a *Notice Of Repression* on all of the doors and windows and placing a lockout-device on the door of the premise which prevented anyone other than myself from gaining lawful entry of the premises, providing notice of Mr. Shamim of the same.

Mr. Shamim was lawfully evicted from the Property in September of 2016, well over two entire months before his bankruptcy was initiated. Mr. Shamim does not have any interest in the Property at all as he has been lawfully evicted therefrom.

5

Mover is entitled to relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) because Mr. Shamim has no equity in the Collateral and the Collateral is not needed by the Debtor for its reorganization. Mr Shamim's Lease was terminated for cause months before he filed his Bankruptcy. Mr. Shamim has no equitable interest in the Property whatsoever.

WHEREFORE, Mover prays for an Order from the Court granting Mover relief from the automatic stay of § 362 of the Bankruptcy Code to permit Mover to proceed under law and for such other and further relief to which the Mover may be entitled.

---

[2] See *Shorter v. Shelton*, 183 Va. 819, 828 (Va.1945). ("The rule supported apparently by the weight of authority is that where the landlord has become entitled to immediate possession of the premises through expiration of the term or otherwise he may take such possession by *force without incurring civil liability in case no more force than is reasonably necessary is employed*, and although he may be subject to punishment criminally, under statutes relating to forcible entry and detainer.")

4 | Page

Respectfully Submitted,

_____
Mr. Sam Jamil
*Pro se* Defendant
7519 Jefferson Davis Highway
Richmond, Virginia 23237

[Supporting Affidavit on Next Page]

## AFFIDAVIT

Comes Now, Mr. Sam Jamil, an adult, competent to testify, who states the following under oath:

1. My name is Mr. Sam Jamil. I am an adult competent to testify.

2. I am generally familiar with the facts relevant to this suit and have personal knowledge of the same.

3. I have read the foregoing document, and hereby swears or affirms under the penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Stated under oath this 10th of March, 2017.

_____
Mr. Sam Jamil

**COMMONWEALTH OF VIRGINIA**
**CITY OF RICHMOND**

I, Michael J.G. Saunders, a Notary Public for the Commonwealth of Virginia at Large, certifies that on the 10th day of March, 2017, the foregoing was subscribed and sworn to before me by Mr. Sam Jamil, after he was properly identified to me.

_____
Notary Public

My Commission expires on: 10-31-2020

6 | Page

## CERTIFICATE OF SERVICE

I, Mr. Sam Jamil, hereby certifies that on ~~February~~ March 13th, 2017, via personal services and United States Postal Service, postage per-paid, I delivered a copy of the foregoing Motion to:

W.R. Baldwin, III, Esq.
Meyers, Baldwin, Long and Moore, LLP
5600 Grove Avenue
Richmond, Virginia 23226

_____
Mr. Sam Jamil
*Pro se* Defendant
7519 Jefferson Davis Highway
Richmond, Virginia 23237

7 | Page

B420A (Official Form 420A) (Notice of Motion or Objection) (12/16)     EDVA (12/16)

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## Richmond Division

In re: **Martin M. Shamim**    )
    )
*[Set forth here all names including married, maiden, and*    )
*trade names used by debtor within last 8 years.]*    )    Case No. **16-36225**
    )
    Debtor    )    Chapter **13**
    )
Address **4404 Cedar Forest Rd.**    )
**Glen Allen, Virginia 23060**    )
    )
Last four digits of Social Security or Individual Tax-payer    )
Identification (ITIN) No(s).,(if any): _____    )
    )
Employer's Tax Identification (EIN) No(s).(if any):    )
_____    )

### NOTICE OF MOTION (OR OBJECTION)

**Mr. Sam Jamil** _____ has filed papers with the court to **Motion For Relief From Stay**_____.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in the motion (or objection), or if you want the court to consider your views on the motion (or objection), then on or before **March 27, 2017**, you or your attorney must:

    ☑    File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

        Clerk of Court
        United States Bankruptcy Court
        **701 East Broad Street, Room 5000**
        **Richmond, Virginia 23219**

2

You must also send a copy to:

Mr. Sam Jamil
7519 Jefferson Davis Highway
Richmond, Virginia 23237

☑ Attend a hearing to be scheduled at a later date. You will receive separate notice of hearing. **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing**

☑ Attend the hearing on the motion (or objection) scheduled to be held on April 5, 2017 at 11:00 a.m. at United States Bankruptcy Court, 701 East Broad, Room 5000, Richmond, Virginia 23219.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: March 13, 2017

Signature, name, address and telephone number of person giving notice:

Mr. Sam Jamil, Movant
7519 Jefferson Davis Highway
Richmond, Virginia 23237

Virginia State Bar No. Pro Se
Counsel for Self

Certificate of Service

I hereby certify that I have this 13th day of March, 2017, mailed or hand-delivered a true copy of the foregoing Notice of Motion (or Objection) to the parties listed on the attached service list.

Mr. Sam Jamil

Service of Process, issued via US Mail, Postage Pre-Paid, upon:

Massie Law Firm, P.C.
115 North 1st Street, Ste 100
Richmond Va. 23219

on the 13th day of March, 2017.

Mr. Sam Jamil, Movant