IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:        MARTIN M. SHAMIM                              Case No. 16-36225-KRH
                                                           Chapter 13
              Debtor.

_____

SAM JAMIL,

              Movant,
v.                                                         Contested Matter

MARTIN M. SHAMIM,

              Respondent.

_____

## <u>ORDER</u>

This contested matter comes before the Court on a Motion for Relief from Stay (the "Motion") filed by Sam Jamil (the "Movant") on April 14, 2017.  The Motion seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) in connection with leased premises located at 6129 Jefferson Davis Highway, Chesterfield, VA 23234 (the "Property").  Martin M. Shamim (the "Debtor") commenced a bankruptcy case under chapter 13 of the Bankruptcy Code on December 23, 2016 (the "Petition Date).  The Debtor filed a Response to Motion for Relief from Automatic Stay (the "Response") on April 27, 2017.  The Movant filed a reply thereto the following day.  The Court conducted a two-day evidentiary hearing on May 17 and 18, 2017 (the "Hearing").

On the Petition Date, section 362(a) of the Bankruptcy Code imposed an automatic stay preventing creditors, such as the Movant, from commencing or continuing any judicial action against the debtor or from taking any action to obtain property of the estate (the "Automatic Stay"). 11 U.S.C. § 362(a)(1), (a)(3); *see generally In re Partridge*, 236 B.R. 755, 756 (Bankr. E.D. Va.

2001) (citing 11 U.S.C. § 362; *In re Sowers*, 164 B.R. 256, 259 (Bankr. E.D. Va. 1994)).  Although

a lease may have been terminated pre-petition, if the debtor retains possession of the leased

premises as of the filing of the bankruptcy case, the debtor's possessory right remains property of

the bankruptcy estate subject to the automatic stay.  *See In re Nasir*, 217 B.R. 995, 997 (Bankr.

E.D. Va. 1997).  Upon a motion from a party in interest, the Court may terminate, annul, modify,

or condition the automatic stay if cause exists.  *See* 11 U.S.C. § 362(d)(1); *In re Ewald*, 298 B.R.

76, 80 (Bankr. E.D. Va. 2002) ("Pursuant to 11 U.S.C. § 362(d)(1), 'the court *shall* grant relief

from the stay . . . for cause, including the lack of adequate protection of an interest in property of

such party in interest.'") (quoting 11 U.S.C. § 362(d)(1)) (emphasis in original).  Under 11 U.S.C.

§ 362(g), "the party requesting such relief has the burden of proof on the issue of the debtor's

equity in property . . ." and "the party opposing such relief has the burden of proof on all other

issues." 11 U.S.C. § 362(g).

At the conclusion of the Hearing, the Court found for the reasons stated in open court that

Movant's Exhibit A was the true and correct lease governing the Property (the "Lease").  The

Lease had a term of five years, which expired on November 30, 2014, in accordance with

paragraph one of the Lease.  Neither party submitted evidence that the Lease had been renewed.

The Court found that the Debtor continued to occupy the Property upon expiration of the Lease as

a holdover tenant on a month-to-month basis (the "Monthly Tenancy").

Movant sent the Debtor by certified mail a Notice of Default on January 15, 2016 (the

"January Notice of Default").  The January Notice of Default alerted the Debtor that he was in

violation of the Chesterfield County Code and the terms of the Monthly Tenancy.  Paragraph 3 of

the January Notice of Default provided the Debtor with four cure options, but the Debtor submitted

no evidence that any of the four options were ever accepted.

On or about June 23, 2016, the Movant posted a Virginia Notice to Quit (the "First Notice to Quit") at the Property on account of the continuing violations of the Chesterfield County Code and the terms of the Monthly Tenancy. The First Notice to Quit required compliance within 21 days. The Debtor failed to comply with the First Notice to Quit as evidenced by the Virginia Notice to Quit that was posted at the Property on July 25, 2016 (the "Second Notice to Quit"). Following the Petition Date, the Movant posted on January 7, 2017, a Virginia Five Day Notice to Quit the Property due to the continuing defaults and the Debtor's failure to pay rent due on December 15, 2016 (the "Third Notice to Quit"). The Debtor offered no evidence that he ever paid the December 2016 rent or cured the other defaults under the Chesterfield Code or the Monthly Tenancy. After the Debtor failed to cure the December 2016 default, the Movant terminated the Monthly Tenancy and repossessed the Property by posting on January 21, 2017, a Notice of Repossession (the "Repossession of the Property"). The Court found that the First Notice to Quit, the Second Notice to Quit, and the Third Notice to Quit were properly served under Fed. R. Bankr. P. 7004, Fed. R. Civ. P. 4, and Va. Code Ann. § 8.01-296. The Court also found that the Repossession of the Property violated the Automatic Stay.

The Court found that Debtor had failed to list the Movant as a creditor or include the Property in his Individual Schedules and/or Statements, and Lists and his Amended Individual Schedules and/or Statements, and Lists filed on January 20, 2017. Accordingly, the Movant was not given notice and the Court found that he did not have actual notice of the Debtor's bankruptcy case until after the Repossession of the Property. The Movant received notice of the bankruptcy case sometime in February 2017, when the Debtor's counsel informed the Movant of the Debtor's bankruptcy case. The Court finds that the Movant did not willfully violate the automatic stay under 11 U.S.C. § 362 when the Repossession of the Property occurred in January 2017, as the

3

Movant had not been notified and was otherwise unaware of the Debtor's pending bankruptcy case.

For the forgoing reasons and due to the Debtor's continuing defaults under the Monthly Tenancy, the Court finds that there is "cause" to terminate and annul the automatic stay under 11 U.S.C. § 362, as it applies to the Movant and the Property effective as of the Petition Date.  The Debtor's commencement of the bankruptcy case and the Automatic Stay shall not disturb or affect Movant's Repossession of the Property in January 2017.

Accordingly, it is

**ORDERED** that the Motion be and hereby is **GRANTED**; and it is

**FURTHER ORDERED** that the automatic stay imposed under 11 U.S.C. § 362 be and hereby is **TERMINATED** and **ANNULLED** as it applies to the Movant and the Property, effective December 23, 2016.

ENTERED: ___May 24, 2017_____

_____/s/ Kevin R. Huennekens_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  May 24, 2017

**Copies to:**

**Martin M Shamim**
4404 CedarForest Rd
Glen Allen, VA 23060

**William R. Baldwin, III**
Meyer Baldwin Long & Moore LLP
5600 Grove Avenue
Richmond, VA 23226-2102

**Joseph S. Massie, III**
Massie Law Firm, P.C.
115 North 1st Street
Ste 100
Richmond, VA 23219

**Sam Jamil**
7519 Jefferson Davis Hwy
Richmond, VA 2323

**Suzanne E. Wade**
P.O. Box 1780
Richmond, VA 23218-1780